UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLEEN BUCHINSKY,

    Plaintiff,

v.

VENTURAS INCOME
CONNECTIONS, LLC, f/k/a
ENTERPRISE HOLDINGS, LLC, d/b/a
ALAMO RENTAL (US), LLC and FIRST
FINANCIAL ASSET MANAGEMENT, INC.,
a/k/a FFAM,. INC.,

    Defendants.
_____/

CASE NO.:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Coleen Buchinsky ("Ms. Buchinsky" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants, Venturas Income Connections, LLC, f/k/a Enterprise Holdings, LLC, d/b/a Alamo Rental (US), LLC ("Alamo") and First Financial Asset Management, Inc., a/k/a FFAM, Inc. ("FFAM") (collectively "Defendants") and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for violations of the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

2. On August 31, 2019, Plaintiff rented a motor vehicle (the "Rental") from Alamo. Shortly after picking up the Rental, Plaintiff began experiencing multiple issues with the Rental, including but not limited to mechanical issues with the engine. Plaintiff promptly notified roadside assistance through Alamo of the mechanical issues and was given a replacement vehicle in the interim.

1

3. There was no motor vehicle accident involving the Rental when the Rental was in Plaintiff's possession.

4. Alamo, without reason or evidence, accused Plaintiff of being involved in a motor vehicle accident while in control of the Rental and attempted to collect the cost of the motor vehicle damage directly from Plaintiff.

5. Therefore, Plaintiff seeks damages, costs, and attorney's fees from Defendants for those causes of action.

## JURISDICTION AND VENUE

6. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the FDCPA, 15 U.S.C. § 1692. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

8. Plaintiff, Coleen Buchinsky, is a natural person and citizen that resides in Pasco County, Florida, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8) that allegedly owed a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

9. Defendant, Venturas Income Connections, LLC, f/k/a Enterprise Holdings, LLC, d/b/a Alamo Rental (US), LLC, including its collection agents and assigns, is a Florida limited liability company, is headquartered in Florida, is a citizen of St. Lucie County, Florida, does business in the State of Florida, and is a "creditor," as the term is defined by Fla. Stat. § 559.55(5).

10. Defendant, First Financial Asset Management, Inc., a/k/a FFAM, Inc., is a foreign profit corporation, is headquartered in Georgia, is a citizen of Gwinnett County, Georgia, does business in the State of Florida, and is a "debt collector," as the term is defined by Fla. Stat. § 559.55(7). Moreover, Defendant is a "debt collector," as the term is defined by 15 U.S.C. § 1692a(6) which defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails…[and] who regularly collects or attempts to collect…debts owed or asserted to be owed or due to another."

11. Defendants, in the conduct of their businesses, use one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

12. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendants.

13. The Defendants' conduct, set forth below, was committed wholly without excuse.

## FACTUAL ALLEGATIONS

14. Alamo is a car rental provider for individuals traveling worldwide, including the United Stated of America. Moreover, Alamo holds itself out on its website as the largest car rental provider to international travelers visiting North America.[1]

---

[1] https://www.alamo.com/en_US/about.html

15. FFAM advertises and holds itself out as a debt collector as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). FFAM's business model is to collect defaulted debts on behalf of creditors. FFAM attempted to collect a debt owed to another entity, Alamo, in this instance which is consistent with FFAM's business practices.

16. Defendants asserted that Plaintiff owed Defendants the cost of damages (the "Alleged Debt") associated with a phantom motor vehicle accident in which Plaintiff was never involved. Indeed, Defendants attempted to collect a debt in which Plaintiff did not owe.

17. On August 31, 2019, Plaintiff entered into an agreement with Alamo to rent a motor vehicle (the "Rental") for a total of seven (7) days. Plaintiff agreed to rent a 2019 Cadillac XT5 (VIN #: 1GYKNERS7KZ224936).

18. On August 31, 2019, Plaintiff acquired a rental car insurance policy (Policy Number: PL11456461203) which was effective on August 31, 2019 and was active up to and including September 7, 2019.

19. On August 31, 2019, no external damage and more specifically, no front-end damage was noted or cataloged when Plaintiff obtained the above-referenced Rental.

20. On September 2, 2019, two days after Plaintiff picked up the Rental, the engine light came on when Plaintiff was in Kanawha Falls, West Virginia. As soon as Plaintiff pulled over to assess the mechanical issue, Plaintiff observed a pink liquid leaking from the Rental and immediately contacted Alamo breakdown service call center.

21. After a significant delay, Alamo sent a representative with a replacement vehicle for the Rental. Upon arrival of the Alamo representative with a replacement rental motor vehicle (Nissan Rouge), Plaintiff requested a copy of the revised car rental agreement. However, Alamo's representative stated that he only had one (1) copy and advised Plaintiff that she would receive a copy of the revised car rental agreement via e-mail from Alamo.

22. On September 2, 2019, Alamo's representative did not annotate or document any external damage. More specifically, no front-end damage had occurred to the above-referenced Rental when the Rental was exchanged for the replacement rental motor vehicle (Nissan Rogue).

23. According to Alamo, on September 3, 2019, the Rental was involved in a motor vehicle accident. At no point in time was Plaintiff in possession and/or control of the Rental on September 3, 2019 as Alamo's representative took possession and control of the Rental on September 2, 2019 when he picked up the Rental from Plaintiff.

24. On September 6, 2019, Alamo sent Plaintiff a letter that alleged that Plaintiff was involved in a motor vehicle accident and stated in pertinent part that Plaintiff caused damage to the Rental. A copy of Alamo's correspondence dated September 6, 2019 is attached hereto as **Exhibit A**.

25. Almost immediately after receiving Alamo's correspondence (**Exhibit A**), Plaintiff contacted Alamo and disputed the allegations, stating that she was in no way responsible for any damage that occurred to the Rental.

26. Defendants had no evidence nor proof that Plaintiff was responsible for the damage to the Rental and owed Defendants the Alleged Debt.

27. Alamo continued sending Plaintiff correspondences that stated in pertinent part that Plaintiff was responsible for the damage to the Rental. A copy of the correspondence sent by Alamo to Plaintiff are attached hereto as composite **Exhibit B**.

28. On or about March 27, 2020, Alamo assigned the Alleged Debt to FFAM for collection purposes.

29. On March 27, 2020, FFAM sent Plaintiff correspondence that referenced a damage amount related to the motor vehicle accident on September 3, 2019, which Plaintiff was not involved or a party of. The FFAM correspondence stated in pertinent part that its correspondence was in an attempt to collect a debt and any information obtained will be used for that purpose. A copy of FFAM's correspondence dated March 27, 2020 is attached hereto as **Exhibit C**.

30. Moreover, FFAM's correspondence (**Exhibit C**) provided Plaintiff with different payment options, including but not limited to payments by the internet, payments by phone and credit card payments for a debt not owed by Plaintiff.

31. Defendants had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to Plaintiff would result.

32. Defendants' conduct was so unreasonable that it constituted a negligent disregard to Plaintiff's rights.

33. As described below, Defendants' conduct constitutes violations of the FDCPA and FCCPA.

<u>**COUNT I**</u>

<u>**VIOLATION OF THE FDCPA BY FFAM**</u>

34. This is an action against FFAM for violation of 15 U.S.C. §1692 *et seq*.

35. Plaintiff re-alleges and reincorporates paragraphs 1 through 33, as if fully set forth herein.

36. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

37. FFAM uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or FFAM regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

38. FFAM, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

39. Through the conduct described above, FFAM violated the following provisions of the FDCPA:

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

40. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

41. As a result of FFAM's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

42. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that FFAM has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF § 559.72(7) OF THE FCCPA BY FFAM

43. This is an action against FFAM for violation of Fla. Stat. § 559.72(7).

44. Plaintiff realleges and incorporates paragraphs 1 through 33 as if fully set forth herein.

45. FFAM communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

46. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47. Through its conduct, described above, FFAM directly and through its agents violated the above section of the FCCPA.

48. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

49. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, FFAM is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

50. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of FFAM, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against FFAM, finding that FFAM violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF § 559.72(9) OF THE FCCPA BY FFAM

51. This is an action against FFAM for violation of Fla. Stat. § 559.72(9).

52. Plaintiff realleges and incorporates paragraphs 1 through 33, as if fully set forth herein.

53. FFAM communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

54. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

55. Through its conduct, described above, FFAM directly and through its agents violated the above section of the FCCPA.

56. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

57. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, FFAM is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

58. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of FFAM, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against FFAM, finding that FFAM violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

### VIOLATION OF § 559.72(7) OF THE FCCPA BY ALAMO

59. This is an action against Alamo for violation of Fla. Stat. § 559.72(7).

60. Plaintiff realleges and incorporates paragraphs 1 through 33 as if fully set forth herein.

61. Alamo communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

62. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

63. Through its conduct, described above, Alamo directly and through its agents violated the above section of the FCCPA.

64. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

65. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Alamo is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

66. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Alamo, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Alamo, finding that Alamo violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT V

## VIOLATION OF § 559.72(9) OF THE FCCPA BY ALAMO

67. This is an action against Alamo for violation of Fla. Stat. § 559.72(9).

68. Plaintiff realleges and incorporates paragraphs 1 through 33, as if fully set forth herein.

69. Alamo communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

70. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

71. Through its conduct, described above, Alamo directly and through its agents violated the above section of the FCCPA.

72. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

73. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Alamo is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

74. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Alamo, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Alamo, finding that Alamo violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 12, 2020

Respectfully Submitted,

**SHRADER LAW, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832


/**s**/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com
*Attorney for Plaintiff*